|   |   |
|---|---|
| | HONORABLE THOMAS O. RICE |

MICHAEL E. MCFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Wenatchee School
District and School District Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| I.V., a minor child; and APRIL OLIVARES and FERNANDO OLIVARES VARGAS, parents of I.V.,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>Y.A.F., a minor child, MARIA M. PEREZ FLORES, as guardian of Y.A.F., WENATCHEE SCHOOL DISTRICT NO. 246, a political subdivision; TAUNYA BROWN, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District; JEREMY WHEATLEY, individually and in his capacity as an official of Orchard Middle School and/or Wenatchee School District; RONDA BRENDER individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District; KELLI OTTLEY, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District; ELLEN McIRVIN, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District,<br><br>                                   Defendants. | Case No.  2:17-cv-00118-TOR<br><br>DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS<br><br>Note on Motion Calendar:<br><br>Date:  October 18, 2017<br>Time:  10:30 a.m.<br>With Oral Argument<br>Spokane, WA |

COME NOW Defendants WENATCHEE SCHOOL DISTRICT, NO. 246,

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM -  page 1

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

TAUNYA BROWN, JEREMY WHEATLEY, RONDA BRENDER, KELLI OTTLEY, and ELLEN MCIRVIN, (collectively "the Wenatchee Defendants") and pursuant to Fed. R. Civ. P. 12(b)(6) move to dismiss Plaintiff's 42 U.S.C. § 1983 claims (Second Cause of Action). As set forth herein, Plaintiff has not alleged facts that, even if proven, constitute a sufficient basis for a claim pursuant to 42 U.S.C. § 1983.

# I. INTRODUCTION

Plaintiff I.V. alleges that he was sexually molested, abused and assaulted by a fellow male student. *ECF 1, pg. 4, Par. 12*. Plaintiffs' § 1983 claims against the Wenatchee Defendants are premised upon the theory that the Wenatchee Defendants failed to "prevent sexual molestation, abuse, and assault" of I.V. *EFC 1, pg. 17, Par.* 22. Plaintiffs allege that the Wenatchee Defendants had a "duty" to protect I.V. from the alleged invasion of his bodily integrity. *Id.*

Plaintiffs have failed to state a claim upon which relief can be granted because the Supreme Court in *DeShaney v. Winnebago Cty. Dept. of Soc. Servs.*, 489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989), unambiguously held that a government actor has no affirmative duty to protect an individual from harm done by a third party:

> [N]othing in the language of the Due Process Clause itself requires the State to

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM -  page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

> protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

*Id.* at 195.

The rule expressed in *DeShaney* has two notable exceptions: (1) instances where the government actor and plaintiff had a special relationship; and (2) instances when a government actor created the danger faced by the plaintiff. *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971-72 (9th Cir. 2011). Neither exception is applicable in this case because the Wenatchee Defendants did not have custody of I.V., precluding a finding of a special relationship. In addition, Plaintiffs have not alleged facts establishing that the Wenatchee Defendants created the danger I.V. faced by leaving him worse off than if they had not acted.

For these reasons, the Wenatchee Defendants respectfully ask this Court to dismiss the 42 U.S.C. § 1983 claims against them.

## II. STATEMENT OF FACTS

Plaintiff I.V. was a 14-year old student at Orchard Middle School when he

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

was molested, abused and assaulted by student Y.A.F. *ECF 1, pg. 4, Par.* 12. Plaintiffs allege that Y.A.F. had a history of inappropriate behavior and anger management problems, of which the Wenatchee Defendants were aware. *Id*.

In support of their 42 U.S.C. § 1983 claim, Plaintiffs allege that I.V. was a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment and enjoyed the "constitutionally protected Due Process rights to be free from the invasion of bodily integrity through sexual molestation, abuse or assault. *ECF 1, pg. 17, Par. 22*. Plaintiffs allege that the Wenatchee Defendants had a "duty arising under 42 U.S.C. § 1983" to "prevent A.F.'s molestation, abuse and assaults and bully upon I.V." *Id*.

### III. LAW AND ARGUMENT

Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a party has failed to state a claim upon which relief can be granted.

> Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM -  page 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

outlandish legal theory or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (internal citations and quotations omitted).

Assuming for purposes of this motion that the allegation in the Complaint are true, Plaintiffs have failed to state a claim for which relief can be granted, as case law, notably *DeShaney*, bars relief under § 1983 in these circumstances.

**A.     *DeShaney* Precludes Liability For Failure To Protect A Person From Harm Done By The Intentional Acts of a Third Party**

If the facts alleged in the Complaint are accepted as true, as the Court must do in a FRCP 12(b)(6) motion, they do not support a § 1983 claim. In *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, *supra*, the United States Supreme Court unambiguously stated that the government's failure to prevent the harmful acts of a third party does not amount to a Constitutional violation:

> [N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 5

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*Id. at 195*.

Like the facts in this case, the facts of *DeShaney* are tragic. Joshua DeShaney was four years old when his father beat him so severely he fell into a coma. *Id. at 193*. Joshua did not die, but suffered such extensive brain damage that the Court noted he would live the rest of his life in an institution. *Id.* Joshua and his mother brought a 42 U.S.C. § 1983 claim against Winnebago County (Wisconsin), the Winnebago County Department of Social Services, and individual DSS employees, alleging a violation of his Due Process rights. *Id.* In *DeShaney*, DSS employees knew or suspected Joshua was being abused, but took no action to remove him from his father's custody. *Id. at 192-93*.

In *DeShaney*, the Supreme Court found that the function of the Due Process Clause is to protect the people from abuse of power and oppression on the part of government, not to ensure the state protects people from each other. *Id. at 196*. The Court performed a brief analysis of case law finding that the Due Process Clauses of the Fourteenth and Fifth Amendments offer no affirmative right to governmental aid. *Id.* It then states:

> If the Due Process Clause does not require the State to provide its citizens with particular protective services, it follows that the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them. As a general matter, then, we conclude that a State's failure to

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 6

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

>  protect an individual against private violence simply does not constitute a violation of the Due Process Clause.

*Id.* at 196–97.

The Court went further in explaining that a plaintiff's remedies may still exist through state tort claims, but a § 1983 claim does not rise or fall under traditional tort principles like duty. *Id. at 201-02* ([T]he claim here is based on the Due Process Clause of the Fourteenth Amendment, which, as we have said many times, does not transform every tort committed by a state actor into a constitutional violation.").

*DeShaney* is unambiguous and has facts remarkably similar to this case. Therefore, case law on this issue clearly states a § 1983 claim in this instance cannot stand because the harm to I.V. occurred at the hands of a third-party actor. This Court should dismiss the § 1983 claims with prejudice.

**B.    Liability Cannot Be Established Under Either *DeShaney* Exception.**

Plaintiffs may argue that this case falls into one, two, or both exceptions to *DeShaney*. Those exceptions state that liability may follow a government defendant if 1) a special relationship exists between the plaintiff and the government; and 2) the government affirmatively placed the plaintiff in danger. *Patel v. Kent Sch. Dist.*, 648 at 971-72.

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 7

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

A special relationship between the Wenatchee Defendants and I.V. did not exist because case law requires the government to have custody of the plaintiff for this exception to apply. *See DeShaney*, 489 U.S. at 199-200. The "danger creation" exception does not apply because the Wenatchee Defendants did nothing to put G.B. in a worse position than he would have been in had they not acted at all. *See Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007).

### 1. There Was No Special Relationship Between the Parties.

While the government generally is not liable for third party actors in regards to § 1983 claims per *DeShaney*, an exception applies that extends liability if the government and plaintiff have a special relationship.

The Court in *DeShaney* discussed this exception and analyzed cases involving the involuntarily committed, arrestees, and prison inmates. *DeShaney*, 489 U.S. at 198-200 (examining *Youngberg v. Romeo*, 457 U.S. 307, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982); *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983); and *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *see also Ammons v. Washington Dep't of Soc. & Health Servs.*, 648 F.3d 1020 (9th Cir. 2011) (Finding involuntarily committed patients in state hospitals have custodial relationship with state). The Court stated "when

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 8

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney*, 489 U.S. at 199-200. The Due Process Clause's protections are only triggered when the plaintiff is restrained by the state "through incarceration, institutionalization, or other similar restraint of personal liberty." *Id.* at 200. A Due Process violation exists only when "the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs." *Id*. In *DeShaney*, neither Winnebago County, nor the Department of Social Services, had custody of Joshua DeShaney, so no special relationship was found. *Id*. at 199-202.

Following the lead of other circuits, in *Patel v. Kent Sch. Dist.*, *supra*, the Ninth Circuit found that "[c]ompulsory school attendance and *in loco parentis* status do not create 'custody' under the strict standard of *DeShaney*." *Id*. at 973. In *Patel*, a developmentally disabled child was found not to be in custody of her school when she lived at home with her mother, and, even though she was statutorily required to attend school, her mother could have removed her from the school she was attending. *Id.* at 974. The Court found the student's "freedom was not restrained by [the school] in a manner akin

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM -  page 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

to 'incarceration' or 'institutionalization.'" *Id.* (quoting *DeShaney*, 489 U.S. at 200). Even if a school has intervened in a child's life in some way, or offered additional supervision to a student, the student is not in the custody of the school unless the school so restrains the student's liberty that a parent is unable to care for him or her. *Id.*

Between *DeShaney* and *Patel*, the picture is clear: I.V. was not in the custody of Wenatchee School District. I.V. lived at home with mother, April Olivares, who had the power to remove I.V. from one school to place him in another. I.V.'s freedom was not restrained by the school in a manner tantamount to incarceration or institutionalization, nor did the school have so much control over I.V. that his legal guardian could not care for him. Additionally, the school district did not render I.V. unable to care for himself and then fail to provide for his basic human needs, as required by *DeShaney*. All of this is to say I.V. was not in custody of the Wenatchee Defendants. Since there was no custody, there was no special relationship.

### 2. The Wenatchee Defendants Did Not Create The Danger I.V. Faced.

The second exception to the general *DeShaney* rule applies when the government creates the danger the plaintiff later faces. The exception has two

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 10

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

requirements. First, there must be affirmative conduct on the part of the state in placing the plaintiff in danger. *Munger v. City of Glasgow Police Dept.,* 227 F.3d 1082, 1086 (9th Cir. 2000). Second, the state must act with "deliberate indifference" to a "known or obvious danger." *L.W. v. Grubbs,* 92 F.3d 894, 900 (9th Cir. 1994). In this case, the second requirement need not be analyzed because there are not facts establishing the first requirement (conduct on the part of the Wenatchee Defendants) that placed I.V. in danger).

The inquiry into whether the government placed a plaintiff in danger hinges on whether the plaintiff was left in a worse place than he or she would have been without government intervention. Courts do not consider whether the government could have acted quicker, or taken alternative action.

> In examining whether an officer affirmatively places an individual in danger, we do not look solely to the agency of the individual, nor do we rest our opinion on what options may or may not have been available to the individual. Instead, **we examine whether the officers left the person in a situation that was more dangerous than the one in which they found him**.

*Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000) (emphasis added).

Case law is illustrative of what "danger creation" is and what it is not. For instance, in *Munger*, police responded to complaints of a belligerent man

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM -  page 11

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

drinking at a local bar. Upon arrival, police told the 35-year-old man he could not drive his truck home, nor could he re-enter the bar. *Id*. at 1084. With nowhere to go, the man eventually wandered to an alley two blocks from the bar, where he died of hypothermia from exposure to a windchill of -20 degrees. *Id.* at 1084-85. The Court found it "indisputable" that the officers left the man worse off than they had found him. *Id.* at 1087.

In *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989), the Court likewise found the "danger creation" exception appropriate. In that case, an officer arrested the driver of a vehicle for DUI, but left the vehicle's passenger alone in a bad neighborhood. The passenger was picked up by a stranger and raped. *Id*.

Along with *Wood*, the case of *L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992) served as an impetus for the creation of the "danger creation" exception in the Ninth Circuit. In that case, the plaintiff was a registered nurse who worked for the State of Oregon at a medium security prison. Despite being told she would not work alone with violent sex offenders, the plaintiff was put in that exact situation and was raped. *Id*. "The Defendants, like the officer in *Wood,* thus used their authority as state correctional officers to create an opportunity for Blehm to assault L.W. that would not otherwise have existed." *Id*. at 121. The Court found the "danger creation" exception applied. *Id.* at 122.

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 12

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

The Ninth Circuit again found a "danger creation" exception in *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997). In that case, police officers found a man on his porch in need of medical attention. The officers cancelled a call for paramedics, moved the man inside the house, locked the door and left. The man was found dead the next day. *Id*. at 710.

> The officers' alleged conduct . . . clearly placed Penilla in a more dangerous position than the one in which they found him. . . . [B]y cancelling the 911 call, removing Penilla from public view, and locking the front door, the officers made it impossible for anyone to provide emergency medical care to Penilla.

*Id.*

Conversely, the government did not create a danger in *Johnson v. City of Seattle*, 474 F.3d 634 (9th Cir. 2007). In that case, the plaintiffs were injured during a Mardi Gras celebration in Seattle's Pioneer Square on a Tuesday evening. *Id*. at 637. Police officers were deliberately passive in controlling the rowdy crowd because the crowds Friday and Saturday became destructive after crowd dispersal efforts were initiated. *Id.* The Court found the police department did nothing to affirmatively create a danger, stating: "The decision to switch from a more aggressive operation plan to a more passive one was not affirmative conduct that placed the Pioneer Square Plaintiffs in

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM - page 13

danger, because it did not place them in any worse position than they would have been in had the police not come up with any operational plan whatsoever." *Id.* at 641.

Like the plaintiffs in *Johnson*, Plaintiffs in this case may argue the Wenatchee Defendants should have acted differently or done more for I.V., but those arguments do not support a § 1983 claim. Like the police in *Johnson*, the Wenatchee Defendants did not put I.V. in any worse position than he would have been had they done nothing at all. They did not find I.V. in one environment and move him to a more dangerous one, as in *Wood* and *Penilla.* Had the Wenatchee Defendants not acted at all, I.V. would have been in the same situation. No affirmative action on the part of the Wenatchee Defendants made I.V.'s environment any more dangerous, therefore the danger creation exception does not apply.

## IV. CONCLUSION

Assuming the facts in Plaintiffs' Complaint to be true, Plaintiffs have failed to state a claim upon with relief can be granted against the Wenatchee Defendants.

Section 1983 claims against a state entity cannot stand if the harm to the plaintiff was not at the hands of the government.

DEFENDANTS' MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM -  page 14

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

This is the rule of *DeShaney* and it is unambiguous. While there are exceptions for special relationships and instances where the government creates the danger, neither exception is applicable here. I.V. was not in the custody of the Wenatchee Defendants, so there was no special relationship. The Wenatchee Defendants did not put I.V. in a more dangerous situation than he would have been in if the Wenatchee Defendants did not act at all, and as such, the Wenatchee Defendants did not create the danger I.V. faced. For these reasons, it is respectfully requested that this Court dismiss Plaintiffs' claimed violations of 42 U.S.C. § 1983 by Wenatchee School District and individual Wenatchee Defendants.

DATED this 28th day of August, 2017.

EVANS, CRAVEN & LACKIE, P.S.


By:     *s/   Michael E. McFarland, Jr.*
        Michael E. McFarland, Jr., #23000
        Sean E. Harkins, #51113
        Attorneys for Wenatchee School District
        And School District Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Scott A. Volyn
Volyn Law Firm
23 South Mission Street, Suite B
Wenatchee, WA 98801
Email: scott@volynlawfirm.com

                        EVANS, CRAVEN & LACKIE, P.S.

By:    *s/    Michael E. McFarland, Jr.*
       MICHAEL E. McFARLAND, #23000
       Attorney for Defendants
       Evans, Craven & Lackie, P.S.
       818 W. Riverside Ave., Suite 250
       Spokane, Washington 99201
       (509) 455-5200
       (509) 455-3632 Facsimile
       MMcFarland@ecl-law.com