The Honorable Thomas O. Rice

Scott A. Volyn
Volyn Law Firm
23 South Mission St., Ste. B
Wenatchee, WA 98801

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| I.V., a minor child; and APRIL OLIVARES and FERNANDO OLIVARES VARGAS, parents of I.V.<br><br>Plaintiffs,<br><br>vs.<br><br>Y.A.F., a minor child, MARIA M. PEREZ FLORES, as guardian of Y.A.F., WENATCHEE SCHOOL DISTRICT NO. 246, a political subdivision; TAUNYA BROWN, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District; JEREMY WHEATLEY, individually and in his capacity as an official of Orchard Middle School and/or Wenatchee School District, RONDA BRENDER, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District; KELLI OTTLEY, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District; ELLEN McIRVIN, individually and in her capacity as an official of Orchard Middle School and/or Wenatchee School District<br><br>Defendants. | No. 2:17-CV-118-TOR<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS** |

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 1



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

# INTRODUCTION

This matter arises from a course of sexual assault, harassment, threats, and bullying over a period of years at Orchard Middle School in Wenatchee, Washington. The Complaint alleges that I.V., a Plaintiff, was the victim of this course of abuse and that the Defendants knew of the conduct, did nothing to prevent it despite contrary assurances, and affirmatively acted to allow it to continue.

The basic principle is that "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). Therefore, "the Fourteenth Amendment typically 'does not impose a duty on [the state] to protect individuals from third parties.'" *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (quoting *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007)). There are, however, two exceptions: (1) the "special-relationship" exception, and (2) the "danger-creation" exception. *Id.* at 971-72.

The Defendants have moved to dismiss the Plaintiffs' 42 USC §1983 claims for failure to state a claim upon which relief can be granted. Plaintiffs respond that the claims set forth in the complaint state a valid claim for relief pursuant to the state created danger exception.

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 2

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

# FACTS

While Plaintiff I.V. was a 14 year old student at Orchard Middle School, he was the victim of sexual molestation, assault, abuse, threats and bullying. *ECF 1, pp.4-5.* All of these acts took place on school grounds. (*Id.*) Beginning in 2013, when I.V. entered the 6th Grade, he was immediately bulled, harassed and his very life was even threatened. (*Id.*) As a direct result to his being physically assaulted threatened and bullied, I.V. developed critical physical and mental health issues which required hospitalization to save his life. *ECF 1, pp. 7-8.* In Early 2015, I.V. disclosed the bullying and abuse at school to his parents, but I.V. was unwilling to identify the bully. I.V.'s mother then contacted the school's counselor, Defendant Ronda Brender and informed her of the bullying and abuse and the impact it was having on I.V. Ms. Brender said she would speak with other students and then identify the bully to the Plaintiff. The bully was not located by any agent of the school and I.V. continued to suffer the continued abuse, threats and assaults. *ECF 1, p. 8.*

After being hospitalized again and requiring intensive in-home medical care, on January 3, 2016, I.V. disclosed the identity of his tormentor to his parents, telling them he was afraid to go back to school after the winter break. *ECF 1, p. 9.* The next day, Ms. Olivares met with Taunya Brown, the school principal, to disclose the bullying of I.V by Y.A.F. During the meeting, I.V. reported that Y.A.F. had threatened to kill him. Principal Brown promised to take action, but in fact did nothing. (*Id.*) Ms.

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND          Page - 3
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

Olivares reported the situation to the police and the next day Y.A.F. was arrested. The Police investigation uncovered past school video evidence of the bullying events and Y.A.F. admitted to threatening I.V. Confronted with video evidence of the assaults, the school justified its inaction by claiming a high volume of potential video footage caused it to ignore the potential evidence. *ECF 1, p. 10.*

On January 19, 2016, Chelan County Superior Court Judge T.W. Small signed and filed a protection order restraining Y.A.F. from any contact with I.V. and from attending the school in question. (*Id.*) Ms. Olivares informed both principal Brown and Counselor Brenner of the protection order prohibiting Y.A.F. from attending school. Despite that, Y.A.F. was allowed to continue to attend school and bully I.V., in violation of the court's protection order. *ECF 1, p. 10-11.*

On February 4, 2016, Ms. Olivares contacted WSD Executive Director of Student Services Mr. Helm, who admitted the district was at fault for wrongfully allowing Y.A.F. to attend school and continue to bully I.V. in violation of the protection order. He said, as a former principal, he would never have allowed something like this to happen. *ECF 1, p. 12.*

On February 21, 2016, Ms. Brenner contacted another student asking if they knew of I.V. suing the school, asking the student to speak with a lawyer, and requesting help in an effort to save Principal Brown's job. (*Id.*)

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 4

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

Y.A.F.'s bullying and threats of I.V. on school property continued. As a direct consequence, I.V. attempted to commit suicide and was again hospitalized for mental and physical health issues. *ECF 1, P. 13.*

## 12(b)(6) LEGAL STANDARD

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss."); *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pled factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)).

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 5

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp v. Twombly*, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 6

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).

## ARGUMENT AND AUTHORITY

PLAINTIFF HAS STATED A VALID CLAIM FOR RELIEF UNDER 42 U.S.C. §1983 PURSUANT TO THE STATE CREATED DANGER EXCEPTION TO THE DUE PROCESS CLAUSE.

A.    GENERAL AUTHORITY.

"[T]he Due Process Claus generally confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). Therefore, "the Fourteenth Amendment typically 'does not impose a duty on [the state] to protect individuals from third parties.'" *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 971 (9th Cir. 2011) (quoting *Morgan v. Gonzales*, 495 F.3d 1084, 1093 (9th Cir. 2007)). There are, however, two exceptions: (1) the "special-relationship" exception, and (2) the "danger-creation" exception. *Id.* at 971-72.

B.    SPECIAL RELATIONSHIP EXCEPTION.

The Supreme Court formally established the special relationship exception and found that it applies when the state "takes a person into its custody and holds him there against his will." *DeShaney*, 489 U.S. at 199-200. The exception applies when a state "takes a person into its custody and holds him there against his will." *Id.* at 199-200.

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 7

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

The types of custody triggering the exception are "incarceration, institutionalization, or other similar restraint of personal liberty." *Id.* at 200. When a person is placed in these types of custody, due process claims re allowed against the state for a fairly simple reason: a state cannot restrain a person's liberty without also assuming some responsibility for the person's safety and well-being. *Id.* at 199-200. Under this exception, the state's constitutional duty arises "not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which [the State] has imposed on his freedom." *Id.* at 200. In other words, the person's substantive due process rights are triggered when the state restrains his liberty, not when he suffers harm caused by the actions of third parties. *Id.* at 195, 200.

The question of whether or not such a special relationship exists in a compulsory school attendance context was first taken up by the 9th Circuit in *Patel v. Kent Sch. Dist.*, 648 F.3d 965 (9th Cir. 2011). In said case, the Court concluded that, "Compulsory school attendance and *in loco parentis* status do not create 'custody' under the strict standard of *DeShaney*." *Id.* at 973. The issue has been since questioned by numerous cases under various fact patterns, but currently, Patel has not been distinguished and appears to be applicable law.

While *Patel* clearly states compulsory school attendance does not create a special relationship between school and student, it is argued here that once an Order

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 8

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

of Protection is executed by a court of competent jurisdiction and the school is notified of the Order's existence, a special relationship is formed, and the school must care for the subject student at the same standard previously reserved for those in a classic custodial relationship.

C.     STATE CREATED DANGER EXCEPTION.

The "danger-creation" exception applies where there is (1) "affirmative conduct on the part of the state in placing the plaintiff in danger," and (2) "the state acts with 'deliberate indifference' to a 'known or obvious danger.'" *Patel*, 648 F.3d at 974 (quoting *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000); *L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996)). The Ninth Circuit's "'state-created danger' cases... contemplate § 1983 liability for the state actor who, though not inflicting plaintiff's injury himself, has placed plaintiff in the harmful path of a third party not liable under § 1983." *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1082 (9th Cir. 2006).

In this case, there are both 1) affirmative conduct on the part of the state in placing I.V. in danger and, 2) state actions with deliberate indifference to a known or obvious danger as alleged in the complaint.

In review of the facts, the State's affirmative conduct in placing I.V. in danger and deliberate indifference to known obvious danger becomes clear. The Defendants were first notified of the bullying issue in 2015 <u>and did nothing</u>. <u>No investigation took</u>

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS     Page - 9

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

place and the identity of the bully was not found. Next, when the bully was identified by I.V. and his mother, the school again did nothing despite promising to stop the abuse. School video evidencing the threats and assaults were not reviewed, despite their subsequent discovery and inspection by the police. When a protection order was obtained by from the court, Defendants continued to allow Y.A.F. to attend school and continue his malicious conduct towards I.V., in violation of the order despite their clear knowledge of its existence and terms. Finally, Defendants embarked on a course of action to prepare for any possible lawsuit and endeavor to save the school Principal's job. These facts as stated in the Complaint state a valid claim and support a denial of the Defendant's Motion to Dismiss.

Reviewing previous 9th Circuit cases where the Courts have found an affirmative act implicating the danger created exception also support a finding on behalf of Plaintiffs. It is noteworthy that both Plaintiffs and Defendants cite the same authorities as proof of their positions. However, unsurprisingly, the parties interpret them differently. Defendants claim that these authorities are instructive because they somehow required a higher level of state action then the present matter. Plaintiffs however argue that, as is always the case in a liability for the actions of a third party situation, the acts or omissions to act as reflected in the following authorities are persuasive examples of similar actions to those in this matter, and give rise to a valid claim for liability.

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 10

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

*L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996) is instructive. Here a prison assigned a nurse to work in proximity with a violent sex offender without warning her of his proclivities. When alone, he assaulted her and attempted to rape her. *Grubbs* is similar to the present matter for the State in both instances allowed a known abuser to be in proximity with a victim in a State controlled environment, leading to acts of abuse similar to those known of in the past. The nurse was not "custodial" as in special relationship cases, but rather enjoyed status consistent with a student as described in *Patel*.

In *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997), police arrived and found an ill individual on his porch, placed him in his home, and elected to cancel a neighbor's previous call for emergency services. The individual suffered a serious subsequent medical event. Again, *Penilla* is analogous to this matter as the State actor in both was alerted to a dangerous condition, did nothing, and denied requested assistance.

Police in *Munger v. City of Glasgow Police Dep't*, 227 F.3d 1082 (9th Cir. 2000) kicked an intoxicated patron out of a bar who was wearing only a t-shirt and jeans. The weather was freezing, and he suffered hypothermia. Just like in the present case, the state actors in *Munger* acted (or failed to act) to subject an individual to a danger which was clearly known.

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 11

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

In *Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989), police arrested a driver for a DUI but left the passenger in the car alone and unattended in a dangerous neighborhood, where she was subsequently picked up by a stranger and raped. Similarly, in this case, the State actors left I.V. alone and without aid in an environment known to be unsafe due to Y.A.F.'s continuous abuse.

Finally, in *Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006), police assured a mother who reported the molestation of her daughter by a neighbor that they would not contact the suspect without warning her first. They then interviewed the suspect without warning the reporting party. The reporting party was shot dead in her home the following morning. Just like in this case, the State actors were notified of a potential danger, made assurances, but did not follow thorough and allowed the danger to occur.

The Defendants rely upon *Johnson v. City of Seattle*, 474 F.3d 634 (9th Cir. 2007), and claim it relates to this matter. However, *Johnson* is entirely distinguishable.

In *Johnson*, plaintiffs suffered injuries when police were passively controlling a crowd during a Mardi Gras celebration at Pioneer Square in Seattle. Defendants claim that the police's decision to switch from a more aggressive operation plan to a passive plan was not affirmative conduct and relate it to the State actors in this case. However, this comparison is flawed. In *Johnson*, the police had no exact advanced knowledge or warning of potential dangers. In this case, the School officials were

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 12

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

notified of exactly the nature of the danger I.V. was facing from Y.A.F.'s abuse. The individual choices and conduct of State agents are completely different as one had warning and knowledge of the potential threat while the other did not. The present matter is more analogous to *Grubbs, Penilla, Munger, Wood* and *Kennedy* for persuasive comparison than it is to *Johnson*.

Defendants argue that the State actions or omissions to act did not place I.V. in a worse position than he would have been in if they had done nothing at all, therefore the affirmative conduct requirement cannot be met. This argument is incorrect. As alleged in the Complaint, at the very least, the Defendants not only failed to act despite their assurances to do so, but they actively ignored a valid superior court protective order and allowed a known harassing and assaulting individual back onto school premises, where his tormenting continued. Finally, and most pointedly, they attempted to recruit a minor to falsely testify in order to preserve the job of a school official.

## CONCLUSION

Based upon the forgoing, Plaintiffs' argue that they have sufficiently stated a claim upon which relief can be granted under 42 USC §1983 and the state created danger exception, which provides for state party liability of third party actions. As such, Plaintiffs respectfully request that the Defendants' motion to dismiss be denied.

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 13

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

DATED this 18th day of September, 2017.

        VOLYN LAW FIRM

        */s/ Scott A. Volyn*
        Scott A. Volyn, WSBA #21829
        Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANT WENATCHEE SCHOOL DISTRICT'S AND SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 14

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael McFarland, Jr.
> Sean E. Harkins
> Evans Craven & Lackie
> 818 W. Riverside Avenue, Suite 250
> Spokane, WA  99201
> sharkins@ecl-law.com
> mmcfarland@ecl-law.com
> Attorneys for Defendants Wenatchee
> School District, and Named Wenatchee
> School District Employees

DATED this 18 day of September, 2017, at Wenatchee, Washington.

_____
Melissa G. Campbell, Paralegal
melissa@volynlawfirm.com

PLAINTIFFS' RESPONSE TO DEFENDANT
WENATCHEE SCHOOL DISTRICT'S AND
SCHOOL DISTRICT DEFENDANTS' MOTION TO
DISMISS 42 U.S.C. § 1983 CLAIMS

Page - 15

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818