1

2 Scott A. Volyn
Volyn Law Firm
3 23 South Mission St., Ste. B
Wenatchee, WA  98801
4

5

6

7

8

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

I.V., a minor child; and APRIL
OLIVARES and FERNANDO
OLIVARES VARGAS, parents of I.V.

                                    Plaintiffs,

    vs.

Y.A.F., a minor child, MARIA M.
PEREZ FLORES, as guardian of
Y.A.F., WENATCHEE SCHOOL
DISTRICT NO. 246, a political
subdivision; TAUNYA BROWN,
individually and in her capacity as an
official of Orchard Middle School
and/or Wenatchee School District;
JEREMY WHEATLEY, individually
and in his capacity as an official of
Orchard Middle School and/or
Wenatchee School District, RONDA
BRENDER, individually and in her
capacity as an official of Orchard
Middle School and/or Wenatchee
School District; KELLI OTTLEY,
individually and in her capacity as an
official of Orchard Middle School
and/or Wenatchee School District;
ELLEN McIRVIN, individually and in
her capacity as an official of Orchard
Middle School and/or Wenatchee
School District

                                    Defendants.

**No. 2:17-CV-00118-TOR**

**FIRST AMENDED
COMPLAINT FOR DAMAGES**

**FIRST AMENDED COMPLAINT FOR DAMAGES -** 1



COME NOW plaintiffs, through their undersigned attorneys, and for these causes of action against the defendants, and each, allege:

## I.    JURISDICTION

1.    This Court has jurisdiction of the subject matter arising under the United States Constitution and under 28 U.S.C. §1331 and §1367. This Court further has supplemental jurisdiction over plaintiffs' claims arising under state law which derive under a common nucleus of operative facts so plaintiffs would be expected to try all claims in a single judicial proceeding.

## II.    PARTIES

2.    Plaintiff I.V. is a minor child.

3.    Plaintiff I.V. sues under his initials to comply with state law and to protect him from the potentially harmful effects of publicity. I.V.'s true identity is well known to the defendants. At all times, I.V. was a student at Orchard Middle School and Wenatchee High School, which are part of the Wenatchee School District, and resided within the venue of the Eastern District of Washington.

4.    Plaintiff April Olivares is the natural mother of plaintiff I.V. At all times plaintiff April Olivares resided within the Eastern District of Washington.

5.    Plaintiff Fernando Olivares Vargas, is the natural father of plaintiff I.V. At all times plaintiff Fernando Olivares Vargas resided within the Eastern District of Washington.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 2



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

6.     Defendant Y.A.F. is a minor child. Plaintiff sues under his initials to comply with state law. Y.A.F.'s true identity is well known to the defendants. At all times Y.A.F. was a student at Orchard Middle School and Westside High School, which are part of the Wenatchee School District, and resided within the venue of the Eastern District of Washington.

7.     Defendant Maria M. Perez Flores, is the legal guardian of A.F., and resided within the venue of the Eastern District of Washington.

8.     Defendant Wenatchee School District No. 246 ("WSD") is a public school district (political subdivision) organized and existing within Washington and subject to the provision of Title 28A of the Revised Code of Washington. Defendant WSD is a "person" within the meaning of 42 U.S.C. §1983. Defendant WSD was also a recipient of federal funding and therefore subject to the provisions and requirements of Title IX, 20 U.S.C. §1681, *et seq.* Orchard Middle School is and was a public school (grades 6-8) owned and operated by defendant WSD. Defendant WSD is responsible for all wrongful conduct, acts, errors and omissions of its board members, superintendents, administrators, principal and teachers, including Taunya Brown and other employees/agents complained of herein, regarding, or because of, the enrollment and attendance of plaintiff I.V.

9.     Upon information and belief, defendants Taunya Brown, Jeremy Wheatley, Ronda Brender, Kelli Ottley, and Ellen McIrvin are residents of

**FIRST AMENDED COMPLAINT FOR DAMAGES - 3**

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

Washington, living within the venue of the Eastern District of Washington, and were employee officials of Orchard Middle School and/or defendant WSD, acting at various times in their official and/or individual capacities. Said individual defendants each had authority to institute corrective measures, including protection of I.V.

### III.    VENUE AND ADMINISTRATIVE PREFILING CONDITIONS

10.    Venue is properly in this Court under 28 U.S.C. §1391 (b). Administrative pre-fling conditions under RCW 4.96, *et seq.*, have been met. The tortious and other claims as set forth herein were properly served on defendants in a Claim for Damages on March 24, 2016, and counsel for the defendant on March 25, 2016, over 60 days before the original Complaint is filed. To date, no acceptable relief has been offered.

### IV.    OPERATIVE FACTS

11.    Defendant WSD received federal assistance and state funding, and is a recipient of federal education funding for Title IX purposes. Its acts, as herein alleged, and those of the other individually named defendants, were under color of statute, regulation, custom or usage of state law.

12.    While I.V. was a 14-year-old male student at Orchard Middle School, Y.A.F., also a student at Orchard Middle School, committed acts of sexual molestation and/or abuse and/or assault against I.V. This conduct was preceded by

**FIRST AMENDED COMPLAINT FOR DAMAGES - 4**



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

many years of numerous incidents of sexually inappropriate behavior and/or illegal conduct and significant anger management problems by Y.A.F. of which said defendants had actual and/or constructive notice, and to which these defendants responded with "warnings," but which were actual *deliberate indifference*. Upon information and belief, I.V. was one of such student in a series of student victims. Y.A.F. engaged in inappropriate and illegal sexual molestation and/or abuse and/or assault and/or bullying. These acts were accomplished through various mental and physical influences including, without limitation, intimidation and threats against I.V. and against his immediate family. The intimidation and threats and the consequent fear, as well as humiliation and embarrassment, caused I.V. to not reveal the full nature of the sexual molestation and/or abuse and/or assault until January 3, 2016.

13.    The acts commenced when I.V., as a young male student, was vulnerable.

14.    All acts of sexual molestation and/or abuse and/or assault and/or bullying by Y.A.F. involving I.V. occurred in the Orchard Middle School building. All acts as alleged herein fall within the scope of RCW 28A.58.125 and RCW 28A.600.200, to "… exercise the authority to control, supervise, and regulate the conduct of… cultural, social, or recreational nature for students of the district." Defendants violated RCW 28A.58.125, RCW 28A.600, 200 and other statutory

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

requirements as alleged, and failed to protect I.V. from a student they already knew, or should have known by his prior conduct, to be likely to commit the sexually-based acts, or similar acts, that he committed upon I.V. Y.A.F.'s sexually inappropriate actions and behavior were increased and/or made possible by his position as student, were known, and were often reported by other teachers, parents, and students to officials of the school district, including the individually named defendants herein.

15.    Upon information and belief, previous incidents of misconduct and sexually inappropriate behavior by Y.A.F. were known to one or more of the individual defendant s many months and/or years prior to the serious sexual abuse occurring to I.V. which include, but are not limited to, the following;

- In September 2013, Y.A.F. and I.V. entered the 6th grade together at Orchard Middle School and Y.A.F. immediately harassed I.V. Verbally and physically assaulting I.V. by calling him "fat" and "gay boy I_____," and repeatedly and consistently physically assaulting I.V. by grabbing and twisting I.V.'s nipples causing severe pain. This continued the entire school year, when I.V. begged Y.A.F. to stop Y.A.F. responded with "if you tell anyone I will have my brothers beat you up!"

**FIRST AMENDED COMPLAINT FOR DAMAGES - 6**

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

- During the 2014 school year the harassment continued and escalated. I.V. tried out for football and weighed 170 pounds. In October I.V.'s parents noticed I.V. was losing weight and believed it was due to the football practices.

- In December 2014, April Olivares saw I.V. changing clothes and was shocked at the dramatic weight loss. A staff member from OMS called Ms. Olivares and mentioned they had noticed I.V.'s considerable weight loss.

- Ms. Olivares immediately took I.V. to Dr. Holden who diagnosed I.V. with anorexia – a serious mental health condition which can be fatal if not treated successfully.

- On January 29, 2015, Mr. Olivares awakened and could not find his son. A few hours later OMS called and asked if I.V. was staying home that day. Alarmed, Mr. Olivares checked I.V.'s bedroom, which seemed empty. It was only after searching the entire house and returning to I.V.'s bedroom when he looked under the bedcovers and found him, cold to the touch and difficult to wake up.

- On January 30, 2015, I.V. was seen by Dr. Holden, who immediately admitted I.V. into the hospital where he remained for two weeks and

**FIRST AMENDED COMPLAINT FOR DAMAGES - 7**



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

his initial weight was 110. I.V. had lost 60 pounds in just over two months. I.V.'s heart and liver were failing and would have died if his parents hadn't found him when they did.

- I.V. was questioned about his weight loss and admitted he was being bullied at school. He said he was being bullied, and physically and emotionally assaulted repeatedly by a student, but would not name the student.

- The following week Ms. Olivares contacted the school counselor and informed her about the impact the bullying was having on her son, and that her son was unwilling to name the bully. Ms. Brender said she would ask other students to identify the bully.

- The bully was not located or identified by the OMS staff and I.V. continued to suffer at the hands of Y.A.F.

- I.V. was diagnosed with SMA syndrome. Superior mesenteric artery syndrome is a rare, potentially life-threatening gastro-vascular disorder characterized by a compression of the third and final portion of the duodenum by the abdominal aorta and the overlying superior mesenteric artery. When the fat around I.V.'s organs disappeared due to his rapid weight loss he because susceptible to this rare condition.

**FIRST AMENDED COMPLAINT FOR DAMAGES - 8**



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

- Initial attempts to treat I.V.'s anorexia were not effective and on March 26, 2015, I.V. was transported to Children's Hospital in Seattle where a feeding tube was placed and I.V. remained for four days.

- For two months I.V.'s parents provided 24 hour care and returned to Children's Hospital every other week to check on I.V.'s status. I.V. returned to school for the last few weeks.

- Fall 2015 was no different for I.V., and on January 3, 2016, I.V. disclosed the name of the bully to his parents because he was afraid to return to school after winter break. I.V. begged his parents for help, telling them this boy at school repeatedly hurt him – grabbing and twisting his nipples, pushing him in the hallways, calling him "fat" and "gay" and calling him other names in front of other classmates. I.V. said he was threatened by Y.A.F. he would be beat up if he told.

- On January 4, 2016, Ms. Olivares met with Ms. Brown, the principal at OMS. The name of the bully was disclosed to OMS. While the meeting was going forward I.V. burst into the room yelling "Y.A.F. just threatened to kill me!' Ms. Olivares jumped up, saying, "This is enough!" While Ms. Brown promised to take action, she did nothing.

**FIRST AMENDED COMPLAINT FOR DAMAGES - 9**

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

She promised to warn Y.A.F., but it is unknown whether she had any contact with Y.A.F.

- Ms. Olivares called the police and made a report.  The next day Y.A.F. was arrested for harassment.

- The police investigation revealed the existence of video evidence showing Y.A.F. pushing and harassing I.V.   Y.A.F. admitted threatening I.V.  Ms. Olivares asked the police why OMS had not stopped the bullying back in January 2015 – the excuse provided was there would have been a lot of video to review.

- On January 19, 2016, in Chelan County Superior Court No. 16-2-00022-3 an Order of Protection was signed by Judge T.W. Small and filed in the Chelan County Superior Court system, restraining Y.A.F. from any contact with I.V and prohibiting Y.A.F. from attending Orchard Middle School.

- On January 19, 2016, Ms. Olivares left a message for Ms. Brown explaining her son's protection order was granted and Y.A.F. could not return to school, and that the order was a permanent protection order.

- On January 29, 2016, Ms. Brown left a voice mail for Ms. Olivares stating that Y.A.F. could attend OMS.

**FIRST AMENDED COMPLAINT FOR DAMAGES - 10**



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

- On February 1, 2016, Ms. Olivares took the protection order to OMS, and sat down with Ms. Brenner and Ms. Brown to present the same. Ms. Brown and Ms. Olivares went over the protection order line by line, with Ms. Olivares showing to Ms. Brown that Y.A.F. could not attend OMS.  When I.V. came home from school that day he informed his parents that Y.A.F. had been in school throughout the day.

- On February 2, 2016, Ms. Olivares contacted OMS and confronted Ms. Brown, indicating that Y.A.F. had threatened her son the day before. Ms. Brown claimed to have contacted "the school lawyer" and was told Y.A.F. could attend school.  Ms. Olivares again pointed to the language in the order indicating Y.A.F. could not attend school.

- What was ultimately determined is that WSD and OMS failed to distinguish between a temporary order and a permanent order, and due to their failure the bully could come back to OMS and to continue to bully I.V.  Ms. Olivares tried repeatedly to get Ms. Brown and Ms. Brenner to understand the distinction between the orders, but she was repeatedly ignored and the issue was not addressed.

- On February 4, 2016, Ms. Olivares contacted Mr. Helm, WSD Executive Director of Student Services, who admitted the "school

**FIRST AMENDED COMPLAINT FOR DAMAGES -** 11



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

lawyer" could not locate the permanent order but only the temporary order and he blamed the attorney. Mr. Helm admitted the fault of the district, and said that he was once a principal himself (Pioneer) and that he never would have allowed something like this to happen.

- On February 21, 2016, Ms. Brenner pulled a student (N.C.) out of lunch and asked her if she knew "anything about I.V. suing the school". Ms. Brenner then asked if the student would talk to a lawyer. The student said "no". Ms. Brenner then told the student "we need to save Ms. Brown's job".

- I.V. is now a freshman at Wenatchee High School, and Y.A.F. attends Westside High School, an alternative high school operated by the Wenatchee School District.

- On August 30, 2016, the first day of school, Y.A.F. was at the Wenatchee High School and sought and encountered I.V. Despite the restraining order he and three of his friends stood 70 feet from I.V. using threatening body language and were "sizing him up." Ms. Olivares called Mr. Brown to report the incident, who acknowledged Y.A.F. was not supposed to be on the property and he would call

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 12

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

Officer Miller. Officer Miller called Ms. Olivares and said the next time Y.A.F. will be arrested for trespassing.

- Due to the continued bullying and harassment, I.V. attempted, unsuccessfully, to end his life in October, 2016.

- Due to the emotional stress and flashbacks, I.V. is suffering a relapse of his anorexia and recently been hospitalized again.

## V.    FIRST CAUSE OF ACTION:
## DISCRIMINATION ON THE BASIS OF GENDER
## IN VIOLATION OF 20 U.S.C. §1681 (TITLE IX)

16.    Plaintiffs reallege every allegation as set forth in paragraphs 1 through 15 herein.

17.    The acts, and failures to act perpetrated against I.V. amounted to unlawful sexual harassment and discrimination based on gender. Title IX states in part:

*No person in the United States shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.*

18.    Sexual harassment under Title IX is unwelcome conduct of a sexual nature. Sexual harassment can include unwelcome sexual advances, requests for

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 13



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

sexual favors and other verbal, nonverbal or physical conduct of a sexual nature. Sexual molestation and rape are extreme forms of sexual harassment. Sexual harassment of a student can deny, on the basis of sex, the student's ability to participate in or to receive benefits, services or opportunities in a school's program. Sexual harassment of students is, therefore, a form of sexual discrimination prohibited by Title IX. Title IX seeks to prevent known common effects on the victims including psychological, academic, professional, financial and social effects of sexual harassment such as:

- Becoming publicly <u>sexualized</u> (i.e., groups of people "evaluate" the victim to establish if he or she is "worth" the sexual attention or the risk to the harasser's career);

- Being objectified and humiliated by scrutiny and gossip;

- Psychological stress;

- Fear of victimization;

- Fear of physical stress;

- Loss of trust in adults;

- Loss of trust in school officials;

- Loss of trust in school climate and culture;

**FIRST AMENDED COMPLAINT FOR DAMAGES - 14**

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

- Causing decreased work or school performance because of stress conditions;

- Defamation of character and reputation;

- Effects on sexual life and relationships which can put extreme stress upon relationships with <u>significant others</u>, sometimes resulting in parent-child estrangements and marital divorce.

- Loss of income;

- Having one's personal life offered up for public scrutiny – the victim becomes the "accused," and his or her dress, lifestyle and private life will often come under attach;

- Having to drop school courses, change academic plans or leave school (loss of tuition) due to fear and/or because of stress;

- Having to relocate to another school, city, or another job;

- Loss of references/recommendations;

- Loss of trust in environments similar to where the harassment occurred;

19.    Defendant administrators or officials of defendant WSD had authority to take corrective action on I.V.'s behalf in the 2013 - 2016 school year and prior school years. Based on actual knowledge of observations, reports, investigations and complaints by parents, students, teachers, and school officials dating to September

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 15



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

2013, defendant WSD had actual notice of pre-existing intentional sex discrimination by Y.A.F. WSD failed to adequately respond, or respond at all, to repeated misconduct. The need for intervention to keep Y.A.F. away from I.V., and given the multiple year history of inappropriate interaction between Y.A.F. and I.V., was so obvious that it could be said to be clearly *unreasonable* under the circumstances. Those failures amounted to *deliberate indifference* toward the unlawful conduct occurring or likely to occur.

20.     Complaints of conduct and harassment violative of Title IX need not be undisputed or uncorroborated before being considered to alert WSD of the potential for the sexual harassment and assault perpetrated upon I.V. herein. In the alternative, defendant WSD failed to enact and/or disseminate and/or implement proper or adequate polices or procedures to discover, prohibit or remedy the severe discrimination I.V. suffered. This failure included, without limitation, non-existent or inadequate customs, policies or procedures for the recognition, reporting, investigation, remediation and correction of unlawful discrimination. Defendant WSD is liable to I.V. and his parents for violations of 20 U.S.C. §1681, *et seq.* (Title IX).

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

## VI.    SECOND CAUSE OF ACTION:
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

21.    Plaintiffs reallege every allegation as set forth in paragraphs 1 through 20 herein.

22.    I.V., as a 14-year-old male middle school student, was a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. I.V. also enjoyed the constitutionally protected Due Process rights to be free from the invasion of bodily integrity through sexual molestation, abuse or assault. The acts as alleged herein violated these clearly established constitutionally protected rights, of which reasonable persons in the defendants' position knew, or should have known. Defendants Taunya Brown, Jeremy Wheatley, Ronda Brender, Kelli Ottley, and Ellen McIrvin, acting in his/her individual personal capacities, had a duty to prevent sexual molestation, abuse, and assault, said duty arising under 42 U.S.C. §1983. By failing to prevent A.F.'s molestation, abuse and assaults and bullying upon I.V., and/or by responding to known prior reports of A.F.'s sexual inappropriate behavior in a manner so clearly unreasonable as to amount to *deliberate indifference*, defendants Taunya Brown, Jeremy Wheatley, Ronda Brender, Kelli Ottley, and Ellen McIrvin, acting in his/her individual personal capacities, are individually liable to I.V. under 42 U.S.C. §1983.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 17

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

23.    Defendant WSD is also liable to I.V. under 42 U.S.C. §1983 for:

- Maintaining customs, policies and/or procedures of inadequate and/or non-existent monitoring and/or investigation of A.F., to amount to deliberate indifference on known or obvious consequences of A.F.'s behavior, up to and including violations of the equal protection and due process rights, and unlawful discrimination under Title IX.

- Failing to adequately train officials, administrators, teachers, employees and others in a position to discover, report, investigate or prevent the acts complained of herein which amounted to the above-referenced violations of constitutional rights and/or federal law; and

- Violating the affirmative duty to protect I.V. from harm under the special relationship between I.V. and WSD. The acts, or failures to act, of defendants Taunya Brown, Jeremy Wheatley, Ronda Brender, Kelli Ottley, and Ellen McIrvin were taken under a custom or policy of defendant WSD.

## VII.   THIRD CAUSE OF ACTION: NEGLIGENCE

24.    Plaintiffs reallege every allegation as set forth in paragraphs 1 through 23 herein.

**FIRST AMENDED COMPLAINT FOR DAMAGES - 18**



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

25.     When the aforesaid acts by A.F., commenced and on the numerous occasions thereafter, I.V. was required by law to "submit to the authority" of WSD and its agents under RCW 28A. 58.200 and RCW 28A.600.040 and was, thereby, in the mandatory protective custody of defendant WSD doing business as Orchard Middle School and Wenatchee High School. As a result, and also under various common law duties, defendant WSD had to make appropriate policies reasonably designed to prevent the sexual abuse, molestation and/or assault of its students by one of its students, disseminate said policies, create a procedure for reporting violations thereof, to anticipate dangers which may reasonably be anticipated, and to then take precautions to protect students, including I.V. from known or potential dangers. Defendant WSD's breach of these duties amounted to negligence.

26.     Inclusive in Plaintiffs' claims of negligence is the claim for negligent infliction of emotional distress and mental anguish.

27.     Defendant WSD, independently and/or through its officials or employees including, without limitation, co-defendants Taunya Brown, Jeremy Wheatley, Ronda Brender, Kelli Ottley, and Ellen McIrvin, beached its duties owed to I.V. and committed negligence in these ways, without limitation: 1) the negligent monitoring and/or retention of student A.F. given the extraordinary number and severity of complaints and reports of inappropriate sexual behavior ongoing for many years involving students; 2) the negligent investigation of the numerous

**FIRST AMENDED COMPLAINT FOR DAMAGES - 19**

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

complaints and/or reports of inappropriate sexual conduct or behavior referenced; 3) failing to comply with certain laws and regulations of Washington including, without limitation, RCW 28.58.255 (now RCW 28A.230.080), 28A.04.132, 28A.58.101, 28A.58.1011, 28A.58.255, 28A.230.080, 28A.85.010, 28A.640.010, 28A.640.020, 26.44.030(1)(a)(c) and 26.44.040 and all rules and regulations promulgated under RCW 28A.41.170 and 28A.150.290; 4) deliberate indifference; and 5) other acts of negligence as proven.

## VIII. DAMAGES

28.     Plaintiffs reallege every allegation as set forth in paragraphs 1 through 27 herein.

29.     As a direct and proximate result of violating I.V.'s protected civil rights and violation of statutory common law, including the tortious conduct, I.V. was subjected to violating his constitutionally protected rights, sexual invasion and painful physical and emotional harm by the defendants. I.V. has suffered, and will continue to suffer, severe and permanent psychological damages and other substantial special and general damages of a type normally foreseeable including, without limitation, past and future counseling and/or medical expenses, severe emotional distress, depression, humiliation, anxiety, loss of enjoyment of life, feelings of guild, and subjecting him to be at a risk for self-abusive behavior, identity confusion, loss of self-esteem, and other serious emotional problems and difficulty

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 20

volyn law

23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

with intimate relationships later in life, besides one or more of the known common effects on such victims listed in Paragraph 18, *supra*, all in amounts to be proven during trial. I.V. has suffered damage to his education and education potential and destruction of, or damage to, his trust in teachers and school administrators, schools, his community, and society.

30.    As a further direct and proximate result of the tortuous conduct, violation of protected civil rights and violation of statutory and common law by the defendants, Plaintiffs April Olivares and Fernando Olivares Vargas have suffered damage to their parent-child relationships with I.V. and health care and counseling expenses, all in amounts to be proven during trial.

## IX.    JURY DEMAND

31.    A jury trial is requested.

## X.    PRAYER

WHEREFORE, Plaintiffs seek this relief:

1.    Compensation for past, present and future counseling, medical and related health care expenses, all in amounts to be proven;

2.    Compensatory and general (non-economic) damages for past, present and future pain and suffering, severe emotional distress, humiliation, anxiety, depression, loss of enjoyment of life, feelings of guilt, at risk for self-abusive behavior, suicidal ideation and suicide attempts, anti-social behavior, identity

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 21



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

confusion, loss of self-esteem, other serious emotional problems, difficulty with intimate relationships later in life and any other general and non-pecuniary damages as opined by plaintiffs' experts, all in amounts to be proven;

3.    For damage to the parent-child relationships;

4.    For prejudgment interest on liquidated damages;

5.    For punitive damages, as allowable under federal law for violation of 42 U.S.C. §1983 and any other federal law for which punitive damages are recoverable;

6.    For reasonable attorneys' fees and costs of litigation, under Title IX, 42 U.S.C. §1988 or other applicable federal law; and

7.    For such other further relief as the Court may deem just and equitable.

DATED this _26_ day of September, 2017.

VOLYN LAW FIRM

_/s/ Scott A. Volyn_
SCOTT A. VOLYN, WSBA #21829
Attorney for Plaintiffs

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 22

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael McFarland, Jr.
Sean E. Harkins
Evans Craven & Lackie
818 W. Riverside Avenue, Suite 250
Spokane, WA  99201
    sharkins@ecl-law.com
    mmcfarland@ecl-law.com
Attorneys for Defendants Wenatchee
School District, and Named Wenatchee
School District Employees

DATED this 20th day of September, 2017, at Wenatchee, Washington.

_____
Melissa G. Campbell, Paralegal
melissa@volynlawfirm.com

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 23



23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818