1
2

HONORABLE THOMAS O. RICE

3
4
5
6
7
8

MICHAEL E. MCFARLAND, JR., #23000
Evans, Craven & Lackie, P.S.
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632
Attorneys for Wenatchee School
District and School District Defendants

9
10
11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

12
13
14

I.V., a minor child; and APRIL OLIVARES
and FERNANDO OLIVARES VARGAS,
parents of I.V.,

15

                                    Plaintiffs,

16

vs.

17
18
19
20

Y.A.F., a minor child, MARIA M. PEREZ
FLORES, as guardian of Y.A.F.,
WENATCHEE SCHOOL DISTRICT NO.
246, a political subdivision,

21
22

                                    Defendants.

Case No.   2:17-cv-00118-TOR

DEFENDANT WENATCHEE
SCHOOL DISTRICT'S
MOTION TO FOR SUMMARY
DISMISSAL OF PLAINTIFFS'
TITLE IX CLAIM

Note on Motion Calendar:

23
24
25
26
27

Date:  September 12, 2018
Time:  1:30 p.m.
With Oral Argument
Spokane, WA

28
29
30

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 1

COMES NOW Defendant WENATCHEE SCHOOL DISTRICT, NO. 246 (hereinafter "WSD") and pursuant to Fed. R. Civ. P. 56 moves for summary dismissal of Plaintiffs' Title IX claim.

## I. INTRODUCTION

Plaintiff I.V.[1] alleges that he was harassed and bullied by a fellow male student (Y.A.F.). The harassment and bullying consisted of name-calling ("man boobs" and "fat" and "faggot" and "ugly") and the physical acts of hitting, kicking, pushing, tripping and giving "titty twisters." As is set forth herein, these acts of harassment and bullying are insufficient to support a Title IX claim, as there is no evidence that the harassment and bullying were "based on" or "because of" sex. While the term "faggot" and the act of "titty twisting" may have some sexual connotation, case law is clear that harassment and bullying that is not done "based on" or "because of sex" is not actionable to establish that Y.A.F. based on or because of sex, as opposed to a personal animosity against I.V. or because of I.V.'s weight. In addition, I.V. is unable to establish that a WSD official had "actual knowledge" that he was being sexually harassed and acted with deliberate indifference to the same. Summary judgment is thus proper.

---

[1] Plaintiffs will collectively be referred to as "I.V."

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 2

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

## II. STATEMENT OF FACTS

Pursuant to LR 56.1(a), WSD has submitted a Statement of Undisputed Facts with the proper citations to the record. The following is a summary of those facts for the purpose of ease of reference.

I.V. entered Orchard Middle School (OMS) as a 6th grader for the 2013-2014 school year. I.V. alleges that starting in his 6th grade year, and continuing through January 4, 2016, he was harassed and bullied by Y.A.F..[2] According to I.V.'s testimony, Y.A.F. harassed and bullied him in the following ways:

- Name calling ("fat" and "faggot" and "man boobs" and "ugly");
- Physical acts of hitting, kicking, pushing, tripping and giving "titty twisters."

On January 29, 2015(I.V.'s 7th grade year), I.V. was hospitalized due to extreme weight loss. While I.V. was in the hospital, WSD counselor Ronda Brender talked with I.V.'s mother, April Olivares several times to check-in on how I.V. was doing. Ms. Brender asked Ms. Olivares if anything could be causing I.V. stress. In February 2015, Ms. Olivares, advised Ms. Brender that she had talked to I.V. and he reported that he was being bullied during physical education class and the locker room. At that point, I.V. had not disclosed the

---

[2] I.V. alleges in the Complaint that Y.A.F. "molested" I.V. The facts do not support that allegation.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 3

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

identity of the bully to anyone, including his mother. As such, Ms. Olivares did not identify to Ms. Brender the identity of the bully.

Ms. Olivares testified that she reported to Ms. Brender that the bullying consisted of name-calling ("fat" and "faggot") and twisting of I.V.'s nipples. I.V. testified that as of February 2015, he had not disclosed the nature of the bullying to his mother. Regardless, upon receipt of Ms. Olivares's report, Ms. Brender contacted the PE teacher, Steve Donaldson, and asked him if he had observed any bullying of I.V. Mr. Donaldson reported that he had not, but that he would keep an eye on I.V. to make sure he was not getting bullied. In addition, Ms. Olivares and Ms. Brender put together a plan for a new schedule for I.V. which did not include PE class. With the exception of April 11, 2015, I.V. did not return to school until the end of that school year (June 2nd through June 11th).  No staff person observed any bullying of I.V. for the remainder of that year.

The following school year (2015-2016) was I.V.'s 8th grade year. On January 3, 2016, I.V. finally disclosed to Ms. Olivares that he was being bullied by Y.A.F. Ms. Olivares reported the matter to law enforcement and Y.A.F. was arrested on January 4, 2016. On January 5, 2016, WSD emergency expelled Y.A.F. On January 6, 2016, WSD conducted a Manifest Determination Meeting and determined that Y.A.F.'s actions were not a

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: TITLE IX - page 4

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

function of his disability. As required by law, on February 1, 2016, WSD held a re-entry meeting to determine whether Y.A.F. could be re-admitted to OMS. On that date, or shortly thereafter, WSD learned that I.V. obtained an order of protection that precluded Y.A.F. from attending OMS. WSD therefore transferred Y.A.F. to another school.

M.V. is I.V's best friend. M.V. testified that once during I.V.'s and M.V.'s sixth grade year (2013-2014), and three times during their eighth grade year (2015-2016), he (M.V.) advised OMS Principal Taunya Brown that I.V. was being "picked on" and "bullied." According to M.V., he did not disclose what the bullying entailed. M.V. also claims to have made the same report to teacher Terri Self.[3] I.V. did not report to any the harassment or bullying to any WSD staff member prior to January 3, 2016.

### III. LAW AND ARGUMENT

Title IX states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). A school district that receives federal funds may be liable for student-on-student harassment if the district (1) had

---

[3] Ms. Brown and Ms. Self deny that M.V. made any such report, but for the purpose of summary judgment, the Court must assume that such reports were made.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 5

actual knowledge of the harassment, (2) the harasser was under the district's control, (3) the harassment was based on the victim's sex, (4) the harassment was "so severe, pervasive, and objectively offensive that it effectively bar[red] the victim's access to an educational opportunity or benefit," and (5) the district was deliberately indifferent to the harassment. *See Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 650, 119 S.Ct. 1661 (1999).

## A.    The Harassment And Bullying Of I.V. Was Not "Based On Sex."

Whether conduct rises to the level of actionable harassment "depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Davis,* 526 U.S. at 651 (internal citations and quotation marks omitted). In distinguishing actionable harassment under title VII from that under title IX, the *Davis* Court explained that courts "must bear in mind that schools are unlike the adult workplace and that children may regularly interact in a manner that would be unacceptable among adults." *Id.* "[E]arly on, students are still learning how to interact appropriately with their peers. It is thus understandable that, in the school setting, students often engage in insults, banter, teasing, shoving, pushing, and gender-specific conduct that is upsetting to the students subjected to it." *Id.* at 651–52. Thus,

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 6

to be actionable, the harassment must be more than the sort of teasing and bullying that generally takes place in schools; it must be "severe, pervasive, and objectively unreasonable." *Id.* at 652. The Court further warned, in response to the concern that a school might be liable for *any* negative student interactions, that courts should not be "mislead ... to impose more sweeping liability than" what title IX requires. *Id.*

While same-sex sexual harassment is actionable under title IX, the "offensive behavior, however, must still be based on sex, per the words of title IX, and 'not merely tinged with offensive sexual connotations.'" *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011), *citing Frazier v. Fairhaven Sch. Comm.,* 276 F.3d 52, 66 (1st Cir.2002). "Title IX was not intended and does not function to protect students from bullying generally (as opposed to sexual harassment or gender discrimination) or to provide them recourse for mistreatment that is not based on sex." *Brodsky ex rel. S.B. v. Trumbull Bd. of Educ.,* 2009 WL 230708, at 7 (D.Conn. Jan.30, 2009). In *Sanches*, the Fifth Circuit found that the alleged student harasser's conduct of calling the plaintiff a "ho", discussing a rash on the plaintiff's breast and starting a rumor that the plaintiff had a hickey on her breast, and starting a rumor that the plaintiff was pregnant were not based on the

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

plaintiff's sex, but instead were in response to a personal squabble between the plaintiff and the harasser. The Court found the alleged conduct to be "more properly described as teasing or bullying than as sexual harassment." *Id.* at 165–66. In *Brodsky*, the court observed that the alleged harassment "was triggered by a particular incident between the girls rather than by a general hostility on the part of [the alleged harasser] toward other female students based on their gender." 2009 WL 230708, at 7.

Here, I.V. cannot establish that the bullying by Y.A.F. was "on the basis of sex." Y.A.F.'s use of terms related to I.V.'s weight (i.e., "fat" and "man boobs") is clearly not harassment or bullying "based on sex." The same is true with respect to the physical acts of hitting, kicking and pushing. Presumably, I.V. will argue that use of the term "faggot," and Y.A.F.'s conduct in giving I.V. "titty-twisters" are actionable under Title IX. Any such argument is unpersuasive.

Courts have held that the mere use of words with sexual connotations, such as "faggot," are insufficient on their own to suggest harassment on the basis of gender. *See, e.g., Preston v. Hilton Cent. Sch. Dist.*, 876 F. Supp. 2d 235, 243 (W.D.N.Y. 2012) ("the fact that A.P.'s harassers asked him embarrassing sexual questions and used terms with sexual connotations, such as such as 'gay,' 'homo,' 'faggot' and 'bitch,' is insufficient to

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 8

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

suggest that A.P. was harassed on the basis of his gender ....”); *Patenaude v. Salmon River Cent. Sch. Dist.*, No. 3:03-cv-1016, 2005 WL 6152380, at 5 (N.D.N.Y. 2005) (observing in the context of a summary judgment motion that although misogynist slurs suggest gender-based harassment against a female student, the court “must be careful ... not to make broad generalizations” and should instead examine the language in light of the “constellation of surrounding circumstances, expectation and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed”); *Diebold v. Hartford Pub. Schs.*, 2017 WL 4512575, at *6 (W.D. Mich. 2017) (collecting cases). Courts have been cautious in avoiding broad generalizations or assumptions of such words since the Supreme Court has stated it has never held that harassment “‘is automatically discrimination because of sex merely because the words used have sexual content or connotations.’” <u>Patenaude</u>, 2005 WL 6152380, at 5, *quoting Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). *See also*, *Manfredi v. Mount Vernon Bd. of Educ.*, 94 F. Supp. 2d 447, 454 (S.D.N.Y. 2000), (“teasing, kicking, shoving and pokes in the face are annoying and hurtful to any child who is victimized by them,” but such conduct, “even if perpetrated by a child of one gender against a child of another gender— is not actionable as ‘sexual’ harassment”); *Doe ex*

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 9

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*rel. Doe 2 v. Trico Cmty. Sch. Dist. No. 176*, 2012 WL 686811, at 5–6 (S.D. Ill. 2012), ("run-of-the-mill hitting and pinching that unfortunately occurs" in schools "all too often" is insufficient to support a Title IX claim); *Estate of D.B. by Briggs v. Thousand Islands Cent. Sch. Dist.*, 169 F.Supp.3d 320, 332, 2016 WL 945350 (N.D.N.Y. 2016) ("the slur 'pussy' is more likely to mean 'coward' than anything gender related."); *HB v. Monroe Woodbury Cent. Sch. Dist.*, 2012 WL 4477552, at 17 (S.D.N.Y. 2012) (finding that student—who was called names such as "whore" and "bitch," as well as "fucking rat," "dirty spic," and "gorilla," and "was physically assaulted in a non-gender-specific way" did not plausibly plead that she was harassed *because of* her gender); *Doe ex rel. Conner v. Unified Sch. Dist. 233*, 2013 WL 3984336, at 5 (D. Kan. 2013) ("S. and B.J. were calling Doe names, such as 'lard ass,' 'faggot,' and 'asshole.' These names are certainly inappropriate in any setting. However, middle school boys are not held to the same societal standards as adults, and name-calling alone—even when it targets differences in gender—will not support a Title IX claim").

> Doe does not sufficiently allege that he was bullied, harassed, and assaulted because of his gender. Doe alleges that his classmates called him "faggot" and a "fat ass" (FAC ¶ 36), and his football teammates and coaches called him a "pussy," "bitch," and "baby." (*Id.* ¶ 25.) The terms "fat ass" and "baby," are not associated with gender, and other courts in this Circuit have found that the terms

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 10

1
2
3

> "pussy," "faggot," and "bitch" are also insufficient
> to suggest that a student was harassed on the basis
> of gender.

4
5

*Doe v. Torrington Bd. of Educ.*, 179 F. Supp. 3d 179, 197 (D. Conn. 2016), *reconsideration granted in part,* 2016 WL 6821061 (D. Conn. 2016).

6
7
8
9
10
11
12
13
14
15
16
17

Certainly, the term "faggot" is offensive. It is arguably "tinged with offensive sexual connotations." However, as the foregoing makes clear, the use of the term does not support a Title IX claim, as use of the term does not equate to discrimination based on gender. There is simply no evidence that suggests that Y.A.F. used the term as a comment on I.V.'s sexual orientation. Indeed, there is no indication that I.V. is not heterosexual and he has never alleged that he was harassed and bullied because he was perceived as being gay. Rather, I.V. has alleged that he was harassed and bullied because of his weight.[4]

18
19
20
21
22
23
24
25
26
27

> A student making a peer sexual harassment claim
> under Title IX must have been sexually harassed,
> that is, he must have been harassed because of his
> gender. Plaintiff attempts to meet this threshold
> requirement by alleging that he was harassed
> because of his "perceived homosexuality."
> However, there is not more than a scintilla of
> evidence that any District student actually
> perceived the plaintiff to be homosexual.
> Therefore, any harassment the plaintiff suffered
> was not because of his gender. *See Patterson v.*
> *Hudson Area Schools,* 724 F.Supp.2d 682, 691

28

---

29
30

[4] Ms. Olivares testified that I.V. told her that he began restricting his food intake because of the harassment and bullying.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

(E.D.Mich.2010) The evidence plaintiff presents in an attempt to show he was harassed because of his "perceived homosexuality" are instances in which he was called "fag," "gay", etc. by other elementary and middle school students. However, such words expressed by this age group do not necessarily mean that plaintiff was harassed because of his perceived homosexuality, and there is not sufficient evidence of such in this case. It should come as no shock that elementary and middle school children call each other "gay" and "fag" quite often. However, they rarely mean it literally. *See id.* at 692. And such expressions can oftentimes be any of a number of generic, interchangeable insults. *See Carmichael v. Galbraith,* 2012 WL 13568 at *7 (N.D. Tex Jan. 4, 2012)(commenting on student's use of the word "fag" as an insult: "experience and common sense teach that bullies and harassers of this age are not particular about what they say when bullying and harassing their victims"). If, as the *Carmichael* court suggests, "fag" or the like is just one of a range of interchangeable intended insults kids employ against other kids, then one would expect that plaintiff's harassers called him other names which do not have any connotation related to homosexuality. Indeed, this is the situation here. Plaintiff asserts he was called "motherfucker," an "asshole," and a "fat fucker" among other things.

24   *A.E. Evans v. Harrisburg Sch. Dist. No. 7*, 2012 WL 4794314, at 2 (D. Or. 2012)

25
26   Similar to the use of the term "faggot," Y.A.F.'s act of giving I.V. "titty-
27   twisters" does not itself evidence harassment based upon or because of sex, as
28   opposed to being based upon personal animus or
29

30   DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

I.V.'s weight, both of which do not give rise to a Title IX claim. "Personal animus is not gender-based harassment, and cannot form the basis for a Title IX violation." *Nungesser v. Columbia Univ.*, 169 F. Supp. 3d 353, 366 (S.D.N.Y. 2016), *citing Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, *supra.* (dismissing Title IX claim where there was "nothing in the record to suggest" that the harasser "was motivated by anything other than personal animus"); *Eskenazi–McGibney v. Connetquot Central Sch. Dist.*, 84 F.Supp.3d 221, 233 (E.D.N.Y.2015) (dismissing claims where plaintiffs failed to allege non-conclusory facts connecting bullying to student's disabilities, and bullying may have been based on some other reason "such as personal animus").

16
17
18
19
20
21
22
23
24
25
26
27
28
29

In *K.S. v. Nw. Indep. Sch. Dist.*, 2015 WL 9450853, at 1 (E.D. Tex. 2015), *report and recommendation adopted sub nom. K.S. b/n/f Neonda Necole Thomas v. Nw. Indep. Sch. Dist.*, 2015 WL 9319982 (E.D. Tex. Dec. 23, 2015), *aff'd sub nom. K. S. v. Nw. Indep. Sch. Dist.*, 689 F. App'x 780 (5th Cir. 2017), the plaintiff alleged that he was verbally harassed every day because he had breasts like a girl, was pigeon-toed and flat footed, walked "funny", and was called gay and fat black boy. The plaintiff also alleged that students would run by and pinch and twist his breasts and comment on how they would jiggle. The plaintiff further alleged that he was subjected to "comments

30

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 13

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

with sexual overtones like, 'titty boy', 'teddy titty baby', that he had 'bigger boobies' or 'bigger titties' than some of the girls" and that "in concert with these sexually laced comments he was called the associated terms for a boy who looks like [sic] as 'gay', and 'faggot'." Although dicta, in granting summary judgment for the defense, the Court noted:

> Because Defendant does not raise the issue in its motion with any specificity, the Court declines to address whether all of the allegations made by Plaintiffs involve gender or gender-based stereotypes but notes that at least some would likely be characterized as teasing or bullying because of K.S.'s weight, which, although undoubtedly cruel and insensitive, is not related to gender and therefore not actionable under Title IX. Although same-sex sexual harassment is actionable under Title IX, the offensive behavior cannot be "merely tinged with offensive sexual connotations" but must be based on sex. *Sanches,* 647 F.3d at 165 (internal citations omitted) (finding that a singular reference to the plaintiff as "ho", slapping of buttock of another student and starting of pregnancy and hickey rumor were "more properly described as teasing or bullying than as sexual harassment" and not enough to create fact issue on the plaintiff's Title IX claim). And, as to any teasing because of K.S.'s weight, in *Davis,* the Supreme Court specifically cautioned against construing its holding to extend Title IX liability for teasing or offensive name calling of an "overweight child who skips gym class because the other children tease her about her size." *Davis,* 526 U.S. at 652, 119 S.Ct. at 1675–76.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: TITLE IX - page 14

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

*K.S. v. Nw. Indep. Sch. Dist.*, 2015 WL 9450853, at 5.

Finally, it is significant that Y.A.F. did not harass and bully only I.V., but also harassed and bullied I.V.'s friends. This certainly suggests that Y.A.F. was not targeting I.V. based on or because of sex, but rather that he was simply a bully. I.V. simply cannot establish that the harassment and bullying were based on or because of sex. Summary dismissal of his Title IX is therefore proper.

**B.    WSD Did Not Have Actual Knowledge Of Harassment And Bullying Based On Sex And Act With Deliberate Indifference To The Same.**

To maintain his Title IX cause of action, I.V. must establish that an appropriate school official actually knew that he was being sexually harassed or abused. *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 283, 118 S.Ct. 1989 (1998). "[I]t is generally accepted that the knowledge must encompass either actual notice of the precise instance of abuse that gave rise to the case at hand or actual knowledge of at least a significant risk of sexual abuse." *Ross v. Corp. of Mercer Univ.,* 506 F.Supp.2d 1325, 1347–48 (M.D.Ga.2007). Thus, it is not enough to show that the school district "should have known" of the abuse. *Gebser,* 524 U.S. at 283; *Reese,* 208 F.3d at 739; *Gabrielle M. v. Park Forest–Chicago Heights, Ill. Sch. Dist.* 163, 315 F.3d 817, 823 (7th Cir.2003).

In addition to establishing actual knowledge of sexual discrimination, I.V.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

must establish that WSD acted with deliberate indifference to that knowledge. "Damages under Title IX are available only if an official with authority to address the alleged discrimination and institute corrective measures has actual knowledge of the discrimination and fails to adequately respond—*i.e.*, acts with deliberate indifference." *Doe v. Willits Unified School Dist.*, 473 Fed. Appx. 775 (9th Cir. 2012), *citing Gebser,* 524 U.S. at 290. The test for deliberate indifference is "whether a reasonable fact-finder could conclude that the College's response was 'clearly unreasonable in light of the known circumstances.' ... In other words, we must decide whether, on this record, one could find that the College made 'an official decision ... not to remedy the violation.' " *Oden v. Northern Marianas College*, 440 F.3d 1085, 1089 (9th Cir. 2006), *quoting Davis v. Monroe County Bd. of Educ.*, 526 U.S. at 641 and *Gebser*, 524 U.S. at 290. To "meet this high standard there must, in essence, be an official decision not to remedy the violation and this decision must be clearly unreasonable." *Doe v. Willits Unified School Dist.*, at 775–76; *see also Monteiro*, 158 F.3d at 1034, *quoting City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–92 (1989) ("[T]he district is liable for its failure to act if the need for intervention was so obvious, or if inaction was so likely to result in discrimination, that 'it can

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

be said to have been deliberately indifferent to the need.'").

Here, since I.V. was not being harassed or bullied "because of sex," WSD obviously could not have actual knowledge of sexual discrimination or acted with deliberate indifference to such knowledge. However, even assuming a question of fact on that issue, I.V. cannot establish the actual knowledge and deliberate indifference elements of his Title IX claim.

There are two persons who I.V. will presumably argue had notice of the harassment and bullying: (1) Ms. Brender; and (2) Ms. Brown/Ms. Self. Assuming the facts in the light most favorable to I.V., the notice received by Ms. Brender, Ms. Brown and Ms. Self does not support a Title IX claim.

**Ronda Brender**: According to Ms. Olivares, she reported to Ms. Brender that an unknown student was calling I.V. names (fat and faggot) and twisting his nipples. Assuming that this report was sufficient to establish actual knowledge that I.V. was being discriminated against because of sex, I.V.'s Title IX claim fails because Ms. Brender did not act with deliberate indifference upon receipt of that knowledge. Instead, Ms. Brender contacted Mr. Donaldson to find out if he had observed any harassment or bullying of I.V. When Mr. Donaldson denied the same, Ms. Brender asked Mr. Donaldson to keep on the lookout for any bulling of I.V. Ms. Brender also worked with Ms.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 17

Olivares to change I.V.'s schedule so that when he returned to school he would not have to attend P.E. class (where the bullying was allegedly occurring). As a matter of law, Ms. Brender's actions in this regard preclude a finding of deliberate indifference. "Institutions 'are deemed "deliberately indifferent" to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the known circumstances.'" *Moore v. Regents of the Univ. of California*, 2016 WL 4917103, at 3 (N.D. Cal. 2016), *quoting Davis*, 526 U.S. at 648. Deliberate indifference "requires a showing of a response that was more deficient than merely 'negligent, lazy, or careless.'" *Id.*, *quoting Oden v. N. Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006). It requires an "official decision ... not to remedy the situation." *Oden*, 440 F.3d at 1089 (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. at 290. "Significantly, Title IX does not require that an institution 'remedy' peer harassment, but simply that it 'respond to known peer harassment in a manner that is not clearly unreasonable.'" *Butters v. James Madison Univ.*, 208 F.Supp.3d 745, 754 (W.D. Va. 2016), *quoting Davis*, 526 U.S. at 648–29.

**Ms. Brown/Ms. Self**: The knowledge Ms. Brown and Ms. Self allegedly received came from M.V. (I.V.'s best friend). Ms.

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 18

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

Brown did not act upon the reports.[5] However, as a matter of law, the information allegedly reported to Ms. Brown and Ms. Self was not notice of harassment and bullying based on or because of sex. Instead, M.V. testified that he told Ms. Brown and Ms. Self that I.V. was being "picked on" and "bullied." There was absolutely nothing about M.V.'s report that indicated that the conduct in question had any sexual component to it. Ms. Brown's and Ms. Self's purported failure to act upon reports that a student was being "picked on" and "bullied," without any indication of sexual discrimination, simply does not give rise to a Title IX claim. *See, e.g., Rost ex rel. K.C. v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114, 1119 (10th Cir. 2008) ("The district court held that K.C.'s complaints that boys were "bothering her" as relayed to the district were insufficient to constitute actual notice of sexual harassment, and that, in the absence of anyone knowing that the sexual harassment was occurring, a negligent failure to investigate Ms. Rost's generalized complaints did not result in Title IX liability. We agree"). Title IX simply does not protect against bullying or getting "picked on" that are not based on or because of sex. As such,

---

[5] Ms. Brown and Ms. Self deny having received any reports from M.V., which is why there was no action taken by either individual. For summary judgment purposes, however, the Court must assume M.V.'s testimony to be accurate.

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632

the notice to Ms. Brown and Ms. Self that I.V. was being bullied and picked on does not give rise to a Title IX claim.

## IV. CONCLUSION

I.V. was harassed and bullied by Y.A.F. However, there is no evidence to support the conclusion that the harassment and bullying was based on or because of sex. Instead, it appears that the harassment and bullying was based upon I.V.'s weight, as best demonstrated by the names Y.A.F. called him ("fat" and "man boobs"). There is also, of course, the likelihood that the harassment and bullying was motivated by a personal animus against I.V. Whether the harassment and bullying was motivated by I.V.'s weight, or from personal animus, it is not protected by Title IX. Given the absence of evidence that Y.A.F.'s conduct was motivated by sex, I.V. cannot establish the necessary sexual discrimination to support a Title IX claim. Summary judgment is therefore proper.

DATED this 16th day of July, 2018.

EVANS, CRAVEN & LACKIE, P.S.

By:    _s/   Michael E. McFarland, Jr._
Michael E. McFarland, Jr., #23000
Sean E. Harkins, #51113
Attorneys for Wenatchee School District
And School District Defendants

DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT RE: TITLE IX - page 20

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Scott A. Volyn
Volyn Law Firm
23 South Mission Street, Suite B
Wenatchee, WA  98801
Email:          scott@volynlawfirm.com

I hereby further certify that I have caused to be served a true and correct copy of the foregoing document(s) on the non-CM/ECF participants as indicated:

Maria M. Perez Flores          Via Regular Mail        [X]
1121 Cashmere St               Via Certified Mail      [ ]
Wenatchee, WA 98801            Via Overnight Mail      [ ]
                               Via Facsimile           [ ]
                               Hand Delivered          [ ]

EVANS, CRAVEN & LACKIE, P.S.

By:    _s/   Michael E. McFarland, Jr._
MICHAEL E. McFARLAND, #23000
Attorney for Defendant
Evans, Craven & Lackie, P.S.
818 W. Riverside Ave., Suite 250
Spokane, Washington  99201
(509) 455-5200
(509) 455-3632 Facsimile
MMcFarland@ecl-law.com

*Evans, Craven & Lackie, P.S.*
818 W. Riverside, Suite 250
Spokane, WA 99201-0910
(509) 455-5200; fax (509) 455-3632