Honorable Thomas O. Rice

Scott A. Volyn
Volyn Law Firm
23 South Mission St., Ste. B
Wenatchee, WA 98801

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| I.V., a minor child; and APRIL OLIVARES and FERNANDO OLIVARES VARGAS, parents of I.V.<br><br>Plaintiffs,<br><br>vs.<br><br>Y.A.F., a minor child, MARIA M. PEREZ FLORES, as guardian of Y.A.F., WENATCHEE SCHOOL DISTRICT NO. 246, a political subdivision,<br><br>Defendants. | No. 2:17-CV-118-TOR<br><br>PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS<br><br>Noted for Consideration: 11/20/2018<br><br>With Oral Argument |

## I.    Introduction

This case arises from allegations of bullying and sexual harassment of Plaintiff I.V. by fellow student A.F. while both were students at Orchard Middle School ("OMS") in the Wenatchee School District ("WSD"). Plaintiffs have reached a settlement with the WSD and therefore respectfully move the Court for approval of the Settlement, including the allocation of the settlement funds and payments for attorneys fees and costs as set forth below.

PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS    Page - 1

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

## II. Statement of Facts

### A. Procedural Background

On March 31, 2017, Plaintiffs filed a complaint in the United States District Court for the Eastern District of Washington. *See generally* ECF. No. 1.

On September 1, 2017, the Court entered a scheduling order that set the trial of this matter to begin October 22, 2018 in Spokane, Washington. ECF 22.

On October 2, 2018 the parties engaged in a full-day mediation with the assistance of Mr. Gregg Bertram of Pacific ADR Consulting. *See* Declaration of Scott A. Volyn ("Volyn Decl.")

The proposed Guardian ad Litem, Mr. Jonathan Volyn of the Idaho law firm Volyn Law Office, an experienced attorney licensed in both Idaho and Washington State, participated in the mediation by telephone, email, and Skype throughout the process of mediation. *Id.* The mediation culminated in a C2A Settlement Agreement (the "Settlement Agreement") between Plaintiffs and Defendant WSD. *See id.,* Ex. 1.

### B. Minor Plaintiff

Plaintiff I.V. was born May 2, 2001 and will be 17 years old by the time of the hearing.

### C. Factual Background

While Plaintiff I.V. was a 14 year old student at Orchard Middle School, he was the victim of sexual molestation, assault, abuse, threats and bullying. *ECF 1, pp.4-5.*

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF     Page - 2
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

All of these acts took place on school grounds. (*Id.*) Beginning in 2013, when I.V. entered the 6th Grade, he was immediately bulled, harassed and his very life was even threatened. (*Id.*) As a direct result to his being physically assaulted threatened and bullied, I.V. developed critical physical and mental health issues which required hospitalization to save his life. *ECF 1, pp. 7-8*. In Early 2015, I.V. disclosed the bullying and abuse at school to his parents, but I.V. was unwilling to identify the bully. I.V.'s mother then contacted the school's counselor, Defendant Ronda Brender and informed her of the bullying and abuse and the impact it was having on I.V. Ms. Brender said she would speak with other students and then identify the bully to the Plaintiff. The bully was not located by any agent of the school and I.V. continued to suffer the continued abuse, threats and assaults. *ECF 1, p. 8*.

After being hospitalized again and requiring intensive in-home medical care, on January 3, 2016, I.V. disclosed the identity of his tormentor to his parents, telling them he was afraid to go back to school after the winter break. *ECF 1, p. 9*. The next day, Ms. Olivares met with Taunya Brown, the school principal, to disclose the bullying of I.V by Y.A.F. During the meeting, I.V. reported that Y.A.F. had threatened to kill him. Principal Brown promised to take action, but in fact did nothing. (*Id.*) Ms. Olivares reported the situation to the police and the next day Y.A.F. was arrested. The Police investigation uncovered past school video evidence of the bullying events and Y.A.F. admitted to threatening I.V. Confronted with video evidence of the assaults,

PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS    Page - 3

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

the school justified its inaction by claiming a high volume of potential video footage caused it to ignore the potential evidence. *ECF 1, p. 10.*

On January 19, 2016, Chelan County Superior Court Judge T.W. Small signed and filed a protection order restraining Y.A.F. from any contact with I.V. and from attending the school in question. (*Id.*) Ms. Olivares informed both principal Brown and Counselor Brenner of the protection order prohibiting Y.A.F. from attending school. Despite that, Y.A.F. was allowed to continue to attend school and bully I.V., in violation of the court's protection order. *ECF 1, p. 10-11.*

On February 4, 2016, Ms. Olivares contacted WSD Executive Director of Student Services Mr. Helm, who admitted the district was at fault for wrongfully allowing Y.A.F. to attend school and continue to bully I.V. in violation of the protection order. He said, as a former principal, he would never have allowed something like this to happen. *ECF 1, p. 12.*

On February 21, 2016, Ms. Brenner contacted another student asking if they knew of I.V. suing the school, asking the student to speak with a lawyer, and requesting help in an effort to save Principal Brown's job. (*Id.*)

Y.A.F.'s bullying and threats of I.V. on school property continued. As a direct consequence, I.V. attempted to commit suicide and was again hospitalized for mental and physical health issues. *ECF 1, p. 13.*

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF    Page - 4
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

### D. Plaintiffs Thoroughly Investigated This Case

Before filing this case Plaintiff's counsel spent many months counseling with the family on related legal issues and investigating the factual bases of Plaintiff's claims against the Defendant, researching related legal issues, and preparing the complaint. *See* Volyn Decl. ¶3.

After the complaint was filed, Plaintiff's counsel conducted substantial discovery, requesting and receiving hundreds of pages of documents from Defendants and third parties. *Id.* ¶4. The parties conducted 12 depositions, including two expert depositions. *Id.* ¶5 In addition, Defendants subjected Plaintiff and his mother to psychiatric evaluation/examination. Plaintiff's counsel also spent a considerable amount of time interviewing many potential witnesses.

Finally, the parties engaged in extensive motion practice, including multiple motions for summary judgment. At the time of mediation, substantial trial preparation had already begun, and motions in *limine* and jury instructions had already been drafted.

### E. The Settlement Agreement

Pursuant to the Settlement Agreement, the WSD will pay a total of $37,500.00 which includes the Plaintiff's pro rata cost of mediation. Upon approval of the settlement, the parties will enter a Stipulation and Order of Dismissal with Prejudice encompassing all claims and parties to the litigation.

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF         Page - 5
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

**F.    Proposed Allocation of the Settlement Proceeds**

Plaintiffs seek to have the settlement proceeds allocated as follows: $35,000 for the claims of Plaintiff I.V., and $2,500.00 for the claims of the parents of I.V. The guardian ad litem proposes the same allocation.

**G.    Attorneys Fees and Costs**

Plaintiff's counsel are applying for an award of $2,000.00 (reduced from $7,847.90) in actual costs and $15,000.00 in attorneys fees.

## III    AUTHORITY

**A.    The Settlement Serves the Best Interests of the Minor Plaintiffs**

District courts have a special duty, derived from Fed. R. Civ. P. 17 (c) to safeguard the interests of litigants who are minors. Rule 17 (C) provides, in relevant part, that a district court "must appoint a guardian ad litem – or issue another appropriate order- to protect a minor or incompetent person who is unrepresented in an action." In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves the best interests of the minor, "in light of the facts of the case, the minor's specific claim, and recovery in similar cases."

If the Court approves the settlement value designated for I.V.'s parents, and for counsel's costs and fees, Plaintiff I.V. will receive a net recovery of $18,000.00 and I.V.'s parents will receive a net recovery of $2,500.00.

PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS    Page - 6

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

1. <u>The Settlement is Fair and Reasonable in light of Plaintiff's Claims</u>

Entering into mediation, Plaintiffs and Plaintiffs' counsel were confident in the strength of their cases, but also pragmatic in their awareness of the risks inherent to litigation and the various defenses available to Defendants. The reality that Plaintiffs could end up recovering only a fraction of the amount obtained through settlement or losing the case at or before trial was enough to convince Plaintiffs and their counsel that the Settlement Agreement reached with the WSD outweighs the gamble of continued litigation.

Plaintiffs' claims against the WSD turned on proving that the school district had notice of improper conduct by Defendant Y.A.F. before he sexually assaulted Plaintiff I.V. The WSD maintained that it did not have such notice and, moreover, sought to exclude evidence related to Defendant Y.A.F.'s inappropriate conduct with male students in the WSD before he sexually assaulted Plaintiff I.V. If the WSD succeeded in excluding critical notice evidence, Plaintiffs' damages against the WSD could have been substantially reduced or eliminated altogether.

Another risk Plaintiffs faced going forward was the potential that the WSD would convince a jury that Defendant Y.A.F. was at fault, thereby limiting the amount Plaintiffs would be able to collect from the WSD of any judgment entered against Defendants. *See* ECF No. 16. In particular, the WSD asserted an affirmative defense stating Plaintiffs' injuries and damages were caused by the intentional acts of Y.A.F.

PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS    Page - 7

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

and Defendants would be entitled to a *Tegman/Rollins* jury instruction at trial. If the WSD had been permitted to instruct the jury to segregate damages, Plaintiffs would have faced significant risk that they would have been unable to collect all or a significant portion of any judgment from Defendant Y.A.F., whose ability to pay is highly uncertain.

Finally, there is a substantial risk of losing inherent in any jury trial. Even if Plaintiffs did prevail, any recovery could be delayed for years by an appeal. The Settlement Agreement provides substantial relief to Plaintiffs without further delay and without going through the arduous and adversarial process of a public trial.

    2.    <u>The Settlement is Fair and Reasonable in Light of The Minor's Plaintiff's Net Recovery</u>

Assuming the Court grants the proposed allocation and the requested attorneys fees and costs, Plaintiff I.V. will receive a net recovery of $18,000.00 and Plaintiff's April Olivares and Fernando Vargas will receive a net recovery of $2,500.00. Under the Settlement, Plaintiffs avoid all the risks and obstacles to recovery and receive substantial benefits, and in a timely fashion. The Settlement serves the best interests of the Plaintiff I.V.

**B.    The Agreed Upon Attorneys' Fees and Costs are Fair and Reasonable**

Plaintiffs' counsel seeks an attorneys' fees award of $15,000.00 from the settlement proceeds. This award amounts to forty percent (.40) of the settlement

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF    Page - 8
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

proceeds in accordance with the fee agreement. Plaintiffs' counsel also seeks reimbursement of $2,000.00 (reduced from $7,847.90) in out-of-pocket expenses associated with this case.

The reasonableness of attorneys' fees is within the discretion of the court, to be determined from a consideration of such factors as the nature of the time and labor required; the fee customarily charged; the amount involved and the results obtained; the nature and length of the professional relationship with the client; the experience, reputation, and ability of counsel; whether the fee is fixed or contingent; and the terms of the fee agreement. RPC 1.5 (a). A Reasonable fee is also determined by reference to "the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9TH Cir. 1992); *see also In re Settlement/Guardianship of AGM*, 154 Wn. App. 58, 79 (2010) (approving the lodestar method in a minor settlement, finding it is "the clearly preferred method for calculating attorney fees in Washington"). Plaintiffs' counsel requests for fees is reasonable under either analysis.

    1.   <u>The Contingency Agreement is Reasonable</u>

The written contingency agreement in this case provides for attorneys fees of 40%. *See* Volyn Decl., ¶¶ 15-16. The fee required by the contingent fee agreement represents the fee Plaintiffs' counsel customarily charges in such matters. *See* Volyn Decl., ¶¶ 15-16. Plaintiffs' counsel have been working together with Plaintiffs since

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF   Page - 9
SETTLEMENT PROCEEDS


volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

February of 2016. *Id.* Ultimately, Plaintiffs commenced this action to hold Defendants accountable for the horrendous harms inflicted upon Plaintiff I.V. and Plaintiffs' counsel has expended time and resources to not only effectively prosecute this case but to also ensure that Plaintiffs were protected through the process. *See* Section III.B.2, *infra*. Furthermore, Plaintiffs' counsel is an experienced litigator. *See* Volyn Decl., ¶¶ (9-11). Plaintiffs' counsel developed an extensive factual record in this case and engaged in significant motions practice that were essential to achieving the Settlement.

Finally, prosecution of this action involved financial risk for Plaintiffs' counsel. Plaintiffs' counsel undertook this matter solely on a contingent basis, with no guarantee of recovery. *See* Volyn, Decl., Ex. 2.

2. <u>Lodestar Analysis Supports the Contingency Agreement</u>

The requested attorneys fees are also reasonable under the lodestar method. "Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *see also Staton*, 327 F.3d at 965. If circumstances warrant, the court may adjust the lodestar to account for other factors which are not subsumed within it. *Staton*, 327 F.3d at 956 & n.17. Upward adjustments may be appropriate based on the results obtained, the quality of representation, or the delay in payment to class counsel. MCL

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF    Page - 10
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

4th § 14.13, at 266-68. For example, "to compensate prevailing parties for any delay in the receipt of fees," courts will often apply "current rather than historic rates in order to adjust for inflation and the loss of funds." *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("A fee award at current rates is intended to compensate prevailing attorneys for lost income they might have received through missed investment opportunities as well as lost interest.") *see also* MCL§ 14.13, at 197.

When examined through the lens of the lodestar calculation method, the payment of $15,000.00 for attorneys' fees is shown to be fair and reasonable. Over the past two and a half years, Plaintiffs' counsel has spent more than 175 hours counseling Plaintiffs on related legal matters, and investigating and prosecuting this case. *See* Volyn Decl., ¶¶ 3-7. Calculated using their current hourly rates, counsel's lodestar is $61,250.00. *See* Volyn Decl., ¶12.

The lodestar calculations of Plaintiffs' counsel are based on reasonable hourly rates. Plaintiffs' counsel set their rates for attorneys and staff members based on a variety of factors, including among others; the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in the markets where legal services are typically performed; and the experience, reputation and ability of the attorneys and staff members. The rates charged for attorneys and staff members working on this matter range from $75 to

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF     Page - 11
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

$350, with the majority of the work performed by Mr. Volyn at an hourly rate of $350. *See* Volyn Decl., ¶12.

In short, Plaintiffs requested attorneys fee award is reasonable and appropriate, and should be granted.

3. <u>Plaintiffs Counsel's Out-of-Pocket Expenses Were Reasonably Incurred</u>

To date, Plaintiffs' counsel has incurred out-of-pocket litigation expenses totaling $7,847.90, primarily to cover expenses related to investigation, filing fees, discovery, travel, and mediation fees. *See* Volyn Decl., ¶ 12. Plaintiffs' counsel seeks reimbursement of $2,000.00 of their hard costs only.

Plaintiffs' counsel's out-of-pocket costs were necessary to secure the resolution of this litigation. While Plaintiffs' counsel worked to keep the costs down, this case involved significant discovery costs, particularly in light of Defendants' many experts, including one expert on school district polices, practices and procedures. In total, the parties conducted more than 12 depositions throughout the state and the country.

In sum, the $15,000.00 requested attorneys' fees and reimbursement of $2,000.00 in out-of-pocket expenses are fair and reasonable "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidioux*, 638 F.3d at 1182.

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF    Page - 12
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727 FAX 509/665-0818

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request the Court approve the minor's settlement, including the allocations of the settlement funds and payments for attorney's fees and costs.

RESPECTFULLY SUBMITTED AND DATED this 15th day of November, 2018.

VOLYN LAW FIRM, PLLC

/s/ Scott A. Volyn
SCOTT A. VOLYN, WSBA #21829
Attorney for Plaintiffs

Volyn Law Firm
23 South Mission Street, Suite B
Wenatchee, WA  98801
509-665-6727
509-665-0818 (fax)
scott@volynlawfirm.com

PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S SETTLEMENT AND ALLOCATION OF SETTLEMENT PROCEEDS       Page - 13

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Michael McFarland, Jr.
> Sean E. Harkins
> Evans Craven & Lackie
> 818 W. Riverside Avenue, Suite 250
> Spokane, WA  99201
> sharkins@ecl-law.com
> mmcfarland@ecl-law.com
> Attorneys for Defendants Wenatchee School District

DATED this 15th day of November, 2018, at Wenatchee, Washington.

_____
Melissa G. Campbell, Paralegal
melissa@volynlawfirm.com

PLAINTIFFS' PETITION FOR APPROVAL OF
MINOR'S SETTLEMENT AND ALLOCATION OF          Page - 14
SETTLEMENT PROCEEDS

volyn law
23 SOUTH MISSION STREET, STE. B
PO BOX 3163
WENATCHEE WA 98807-3163
509/665-6727  FAX 509/665-0818